Abner **LYNCH**, Petitioner-Appellant,

v.

C. Murray **HENDERSON**, Warden, Louisiana State Penitentiary, Respondent-Appellee.

No. 30735

Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

Feb. 17, 1971.

Abner Lynch, pro se.

Jack P. Gremillion, Atty. Gen., Baton Rouge, La., Jack E. Yelverton, Asst. Atty. Gen., for respondent-appellee.

Before THORNBERRY, MORGAN, and CLARK, Circuit Judges.

PER CURIAM:

In 1965, Appellant-Petitioner Abner Lynch, a Louisiana State prisoner, was convicted upon his plea of guilty and sentenced to serve two consecutive two-year terms for aggravated battery and conspiracy to commit extortion. The events which gave rise to these convictions occurred while Lynch was an inmate in the Louisiana State Prison at Angola, Louisiana. After having apparently exhausted his state remedies, Lynch, on June 30, 1970, moved for leave to file a petition of habeas corpus in the federal district court. This petition was denied with a finding by the court that upon its face it presented "nothing upon which this Court could issue a writ of habeas corpus because of the fact that his guilty plea waived all non-jurisdictional defenses * * *."

In an attempt to remedy this defect of his first petition, Lynch filed a second petition for habeas corpus on July 21, 1970, and also moved to proceed in forma pauperis. These two motions were also denied by the trial court, and it is from these denials that Lynch brings the in-

* ▮▮▮ Rule 18, 5th Cir.; see Isbell Enterprises v. Citizens Cas. Co. of N. Y., 431 F.2d 409, Part I (5th Cir. 1970).

stant appeal. Pursuant to F.R.A.P. 22 (b) and F.R.A.P. 24(a), Lynch was granted a certificate of probable cause and leave to appeal in forma pauperis.

Assuming without deciding that Lynch's first habeas petition failed to state any basis upon which relief could be granted and without the slightest whisper of an intention to pass upon the truth of any allegation made by Lynch, we do see within the second habeas petition alleged facts which, if proved, would tend to indicate his guilty plea was coerced. Those allegations state a claim for relief which is not frivolous or invalid on its face, since a coerced plea of guilty cannot be the product of a free and rational choice among the alternative courses of action. North Carolina v. Alford, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed. 2d 162 (1970). The order denying leave to file this second petition must therefore be vacated, and the case must be remanded to the district court so that the appropriate findings of fact and conclusions of law on Lynch's claim may be pursuant to Fed.R.Civ.P. 52(a).

Reversed and remanded.